IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                    PLAINTIFF

       v.                          Civil No. 12-3147

SHERIFF DANNY HICKMAN;
DEPUTY RYAN WATSON;
and BOONE COUNTY, ARKANSAS                           DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Plaintiff is incarcerated in the Boone County Detention Center in Harrison, Arkansas.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**Background**

This case concerns events that occurred in January and February of 2009. According to the allegations of the complaint, at approximately 9:00 p.m. on January 2, 2009, Plaintiff, who was in his pick-up taking a load of his belongings to his storage unit, contends he was wrongfully arrested by Deputy Ryan Watson. He indicates he was accused of having stolen property in his possession. Further, Plaintiff maintains his vehicle and storage unit were wrongfully searched and his vehicle impounded. Plaintiff also asserts that the police failed to secure his storage unit and most of his belongings were stolen.

On January 7th, Plaintiff states he and his finance were sitting by the side of the road when

Watson approached and again searched the contends of Plaintiff's pick up truck. A parole hold was placed on Plaintiff, he was taken into custody, and his pick-up truck was again impounded.

Plaintiff alleges he made two separate police reports about the stolen property and nothing was ever done to assist him in finding the property. He asserts the Defendants punished him by not assisting in obtaining the return of his property.

**Discussion**

Plaintiff filed a civil action against the Defendants dealing with the same facts in 2010, *Brown v. Hickman, et al.,* Civil No. 10-3006. On summary judgment motion, the case was dismissed. With respect to his deprivation of property claim, it was concluded that even if the deprivation was intentional, the claim was subject to dismissal because Plaintiff had adequate post-deprivation remedies. It was noted that Arkansas recognized a claim of conversion.

Plaintiff filed a claim of conversion in the Boone County Circuit Court, CV11-99-4. Circuit Judge Gordon Webb, on motion of the Defendants, dismissed the case. The reason for the dismissal was that there was "no place within the four corners of [the] complaint that Mr. Brown states in any form or fashion facts, or knowledge of facts, that establish any of the named Defendants took his personal property." Plaintiff has now filed this action asserting that there was no adequate post-deprivation remedy.

This case is subject to dismissal for a number of reasons. First, the ruling of Judge Webb does not establish that the claim for conversion was not an available remedy. Rather, the ruling was that Plaintiff had alleged insufficient facts to state a claim for conversion against the Defendants.

Second, the case is barred by res judicata. "Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were

involved in both cases." *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990). Clearly the elements are met here.

Finally, the statute of limitations bars this claim. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2009, would be barred by the statute of limitations.

### Conclusion

For the reasons stated, I recommend this case be dismissed. The dismissal will count as a strike pursuant to the Prison Litigation Reform Act so the Clerk should be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE